UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG S. BOSNAK,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-01429-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Gregg Bosnak, who is represented by counsel, brings this employment discrimination action against the City and County of San Francisco ("City") and Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda"). The Court previously granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 8.) Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Court DISMISSES the Complaint with leave to amend.

**ALLEGATIONS IN THE COMPLAINT**

The City employed Plaintiff, a white American male, as a chef at Laguna Honda[1] from April 7, 2008 to June 25, 2010. Plaintiff lost his position as chef "when he was displaced by another person who allegedly had seniority rights over Plaintiff from another part of the City government." (Dkt. No. 1 ¶ 11.) Plaintiff again worked as a cook at Laguna Honda from

---

[1] Laguna Honda is a City-run acute care hospital providing long-term care and rehabilitation services to seniors and adults with disabilities.

February 21, 2012 to sometime in April 2013.[2]

At some point during his employment, Plaintiff was "written up on small and trumped-up charges of misbehavior." (*Id.* at ¶ 33.)  Sometime later, in April 2013, Plaintiff was terminated "for behaviors that allegedly negatively impacted the work environment." (*Id.* at ¶ 36.)  There was no attempt at "progressive discipline" with regard to Plaintiff's alleged misbehavior. (*Id.* at ¶ 37.)  Further, "others similarly situated with him but of different ethnic background were not disciplined for behaviors comparable to those of the Plaintiff." (*Id.* at ¶ 39.)  In addition, it was "well known that Plaintiff was and is friends with Messrs Leonard Lee Collins, Jr. and Arnold Chew." (*Id.* at ¶ 40.)  "It was also well known that Plaintiff had been supportive of these two gentlemen with regard to their issues with the management of Laguna Honda Hospital and Rehabilitation Center and Messrs Edward Shiels and Steven Koneffklatt." (*Id.* at ¶ 41.)  "Plaintiff attempted to make sure that Mr. Collins, a Black man, and Mr. Arnold Chew would be successful in their occupations with Laguna Honda Hospital and Rehabilitation Center and he was aware and supported their attempts at equal employment." (*Id.* at ¶ 59.)

On April 12, 2013, Plaintiff filed a complaint against the hospital with the California Department of Fair Employment and Housing ("DFEH").  In between his two employment terms at Laguna Honda, Plaintiff had filed two complaints against Laguna Honda with the Equal Employment Opportunities Commission ("EEOC"), alleging discrimination on the basis of race and retaliation.  The April 2013 complaint similarly alleged that Plaintiff "received differential treatment from February 2012 to April 2013 and that he had suffered retaliation." (*Id.* at ¶ 26.)  Plaintiff "is informed and believes" that the DFEH complaint was "cross filed" with the EEOC. (*Id.* at ¶ 27.)  On or around December 24, 2013, the United States Department of Justice issued to Plaintiff a "right to sue" letter, which referenced the complaint number given to the DFEH complaint.

Plaintiff's Complaint alleges the following five causes of action: 1) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); 2) associational discrimination in

---

[2] The Complaint alleges conflicting termination dates; specifically, Plaintiff alleges he was employed at the hospital until April 26, 2013 (paragraph 3) and April 12, 2013 (paragraph 36).

1  violation of Title VII; 3) disparate treatment on the basis of race in violation of Title VII; 4)
2  disparate treatment on the basis of race in violation of the California Fair Employment and
3  Housing Act ("FEHA"), Government Code Section 12940(a); and 5) retaliation in violation of
4  FEHA, Government Code Section 12940(h).

## LEGAL STANDARD

The standard for failure to state a claim under Section 1915(e) is equivalent to that under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements' of a cause of action." *Iqbal,* 556 U.S at 663. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

## DISCUSSION

**A.    Failure to Exhaust Administrative Remedies**

A plaintiff asserting claims of discrimination pursuant to FEHA and Title VII must exhaust the statutes' administrative remedies before filing a lawsuit. *See Rojo v. Kliger*, 52 Cal.

1  3d 65, 83 (1990) ("[E]xhaustion of the FEHA administrative remedy is a precondition to
2  bringing a civil suit on a statutory cause of action.") (emphasis omitted); *see also Zipes v. Trans*
3  *World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "For purposes of the FEHA, administrative
4  remedies are exhausted by the filing of an administrative complaint with the Department of Fair
5  Employment and Housing ("DFEH") and obtaining from the DFEH a notice of right to sue."
6  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

7  Although Plaintiff alleges that he filed a complaint with the DFEH, he fails to allege that
8  DFEH acted on his complaint and issued a notice of right to sue. Plaintiff has therefore not
9  alleged that he has exhausted his administrative remedies with respect to his FEHA claims.
10 Plaintiff's receipt of a right-to-sue letter from the EEOC is unavailing. *See McCamey v. Hewlett*
11 *Packard Co.*, 2011 WL 4056158, at *4 (E.D. Cal. Sept. 12, 2011) (dismissing FEHA claims
12 where plaintiff alleged receipt of only EEOC right-to-sue letter). Plaintiff's fourth and fifth
13 claims for relief are accordingly dismissed with leave to amend to allege, if he can, that the
14 DFEH has acted on his complaint and when it did so.

### B.     Timely Filing of Civil Action

16 After receiving a right-to-sue letter from the EEOC, a claimant has 90 days to file a civil
17 action. 42 U.S.C. § 2000e-5(f)(1). This 90-day period is a statute of limitations. *Scholar v.*
18 *Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). Therefore, if a claimant fails to file the civil
19 action within the 90-day period, the action is barred. *Id.* at 267.

20 Because Plaintiff alleges the EEOC right-to-sue letter was issued on December 24, 2013,
21 Plaintiff's filing of this civil action on March 28, 2014 was untimely. 90 days from December 24,
22 2013 was March 24, 2014. While the 90-day statute of limitations is subject to equitable tolling,
23 *see Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997), there are no allegations in
24 the Complaint supporting the application of that doctrine.

25 Plaintiff's claims under Title VII are accordingly dismissed with leave to amend to allege
26 facts, if any, supporting application of the equitable tolling doctrine.

### CONCLUSION

28 For the reasons stated above, Plaintiff's Complaint is DISMISSED with leave to amend.

1   Plaintiff's amended complaint, if any, shall be filed no later than 20 days from the date of this
2   Order.

3

4   **IT IS SO ORDERED.**

5   Dated: May 19, 2014

6   _____
    JACQUELINE SCOTT CORLEY
7   United States Magistrate Judge